UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA LYNNE SEDILLO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | No. CV-10-3077-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 19.) Attorney Thomas Bothwell represents plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** plaintiff's Motion for Summary Judgment and **DENIES** defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Cynthia Lynne Sedillo (plaintiff) protectively filed for disability income benefits (DIB) and supplemental security income (SSI) on June 27, 2007. (Tr. 98, 101, 141.) Plaintiff alleged an onset date of June 26, 2007. (Tr. 98, 101.) Benefits were denied initially and on reconsideration. (Tr. 48, 54, 59.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Ralph L. Wampler on September 2, 2009. (Tr. 29-43.) Plaintiff was represented by counsel and testified at the hearing. (Tr.29-43.) The ALJ denied benefits (Tr. 15-25) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 44 years old at the time of the hearing. (Tr. 29.) She has a GED. (Tr. 29.) Plaintiff has work experience as a waitress, clerk and cashier. (Tr. 37-38.) She has problems with numbness and pain in her hands and has been diagnosed with carpal tunnel syndrome. (Tr. 35-36.) She testified she has pain in her ankles when she stands too long and she has anxiety. (Tr. 37.) She is in therapy because she is overwhelmed by events in her past. (Tr. 38.) Plaintiff testified she cannot work because she has pain every day and a fear of leaving the house. (Tr. 40.) She has difficulty concentrating. (Tr. 40.) Plaintiff has a history of substance abuse but testified that it had been three years since she used drugs at the time of the hearing. (Tr. 34.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402

U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since June 26, 2007, the alleged onset date. (Tr. 17.) At step two, the ALJ found plaintiff has the following severe impairments: obesity, non-insulin dependent diabetes mellitus, depression, anxiety, history of methamphetamine use in self-reported remission, right shoulder pain of undetermined cause, and ankle pain of undetermined cause. (Tr. 17.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 19.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with occasional

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

> climbing, balancing, stooping, kneeling, crouching and crawling. She can understand, remember and carry out simple instructions, and work with superficial contact with coworkers and the general public. The claimant is able to adapt to change, travel, avoid hazards and set goals.

(Tr. 21.) At step four, the ALJ found plaintiff is unable to perform any past relevant work. (Tr. 23.) After considering plaintiff's age, education, work experience, residual functional capacity and the Medical-Vocational Guidelines, the ALJ found there are jobs that exist in significant numbers in the national economy the plaintiff can perform. (Tr. 23.) Thus, the ALJ concluded plaintiff has not been under a disability, as defined in the Social Security Act, from June 26, 2007 through the date of the decision. (Tr. 24.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ: (1) improperly rejected the opinions of plaintiff's treating and examining medical providers; (2) improperly rejected plaintiff's subjective complaints; and (3) failed to meet his burden at step five. (ECF No. 14 at 12-20.) Defendant argues the ALJ: (1) properly discredited plaintiff's subjective complaints; (2) properly considered the medical evidence; (3) properly found plaintiff not disabled based on the Guidelines. (ECF No. 20 at 4-.)14

**DISCUSSION**

**1.   Credibility**

Plaintiff argues the ALJ improperly evaluated her credibility. (Ct. Rec. 14 at 17-18.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)   If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ's only statement regarding credibility is:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 22.) The ALJ did not identify any specific evidence supporting the negative credibility finding. Unless there is evidence of malingering, the ALJ may only find a claimant not credible by making specific findings as to credibility and stating clear and convincing reasons for each. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ is required to point to specific facts demonstrating the claimant is in less pain than alleged. *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).[1] Similarly, the decision must

---

[1] In *Vasquez*, the ALJ used very similar language to the language of the credibility finding in this case.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. SSR 96-7p. Here, the ALJ failed to link any supporting evidence to the negative credibility finding. As a result, the ALJ's credibility finding is legally insufficient and the ALJ erred.

Defendant claims the ALJ "provided clear and convincing reasons to reject Plaintiff's testimony" and the ALJ's reasons for rejecting plaintiff's testimony were "neither the objective medical evidence nor Plaintiff's self-reports of activity supported disability." (ECF No. 20 at 5-6.) The ALJ does not mention these reasons for rejecting plaintiff's testimony. (Tr. 22-23.) The court is constrained to review only the reasoning asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The ALJ failed to provide adequate explanation and specificity to justify the credibility determination and therefore, the ALJ erred.

**2.     Opinion Evidence**

**a.     Dr. Ho**

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Ho, an examining physician. (ECF No. 14 at 14-17.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

1    Dr. Ho examined plaintiff and prepared a report dated January 26, 2008. (Tr. 215-20.) Dr.
Ho diagnosed chronic right shoulder pain with possible arthritis, chronic right ankle and bilateral heel
pain, obesity and history of anxiety and depression. (Tr. 219.) Dr. Ho's functional assessment
indicates plaintiff is limited to lifting and carrying 10 pounds occasionally and less than 10 pounds
frequently, sitting up to six hours in an eight-hour day, standing and walking at least two hours in an
eight-hour day. (Tr. 219.) Dr. Ho also opined plaintiff should avoid kneeling, crouching and
squatting. (Tr. 219.) The ALJ gave great weight to Dr. Ho's opinion and found it was well supported
by medically acceptable clinical and laboratory findings and as consistent with the record in its
entirety. (Tr. 23.)

The ALJ also considered and gave weight to the opinion of a reviewing medical consultant.[2]
(Tr. 23.) The reviewing medical consultant opined plaintiff is limited to occasional lifting up to 20
pounds, frequent lifting up to 10 pounds, standing and walking at least two hours in an eight-hour
workday and sitting six hours in an eight-hour workday. (Tr. 229.) Plaintiff also has postural
limitations including occasional climbing, balancing, stooping, kneeling, crouching and crawling.
(Tr. 230.) The ALJ agreed generally with the findings but gave credence to plaintiff's complaints of
pain on standing and walking limiting her to sedentary work. (Tr. 23.) The ALJ also gave greater
weight to Dr Ho's opinion. (Tr. 23.)

Plaintiff points out the ALJ determined plaintiff's residual functional capacity includes only
occasional postural limitations, rather than a prohibition on kneeling, crouching and squatting as Dr.
Ho opined is appropriate. (ECF No. 14 at 15-16.) Indeed, despite appropriately assigning "greater
weight" to Dr. Ho's opinion, the ALJ failed to explain or account for the postural limitations assessed
by Dr. Ho. (Tr. 23.) This amounts to a rejection of a portion of Dr. Ho's opinion. The ALJ failed to
explain why he rejected Dr. Ho's assessment regarding postural limitations in favor of the reviewing
medical consultant's opinion.[3] As a result, the ALJ erred because he provided no specific, legitimate

---

[2]The record is silent as to the qualifications of the reviewing medical consult. (Tr. 235.)

[3]The ALJ must do more than offer his conclusions in rejecting medical evidence. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

reasons supported by substantial evidence for rejecting the postural limitations identified by Dr. Ho.

**b.    Dr. Castrodale**

Plaintiff argues the ALJ failed to properly reject the opinion of Dr. Castrodale. (ECF No. 14 at 14-15.) The evidence from Dr. Castrodale consists of a two-sentence letter from Dr. Castrodale to plaintiff dated February 22, 2005. (Tr. 285.) Dr. Castrodale told plaintiff "the recent nerve test that was done shows moderate carpal tunnel syndrome in both wrists." (Tr. 285.) He indicated the plaintiff's options were to decrease activities which increase the symptoms or surgery. (Tr. 285.) There are no exam notes, test results, or other documentation from Dr. Castrodale in the record. The ALJ considered Dr. Castrodale's opinion at step two in determining carpal tunnel syndrome is not a severe impairment. (Tr. 19.) The ALJ pointed out there was no current diagnosis of carpal tunnel syndrome and noted Dr. Castrodale's opinion is unaccompanied by any EMG/nerve conduction studies or finding upon physical examination to support the diagnosis. (Tr. 19.)

The ALJ suggests Dr. Castrodale's opinion is not adequately supported by medical evidence. A medical opinion may be rejected by the ALJ if it is conclusory or inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957. The ALJ seems to suggest the lack of documentation of nerve test results undermines Dr. Castrodale's diagnosis. However, Dr. Castrodale indicated a nerve test was done. (Tr. 285.) There is no basis to assume Dr. Castrodale did not review results of a nerve test showing carpal tunnel syndrome or that a nerve test was not actually done.[4] Thus, the record does not support the ALJ's conclusion that Dr. Castrodale's opinion is not supported by objective test results. The ALJ therefore improperly cited the lack of evidence of a nerve conduction study in rejecting Dr. Castrodale's report.

However, the ALJ also pointed out that there is no current diagnosis of carpal tunnel syndrome in the record. (Tr. 19.) Indeed, Dr. Castrodale's letter to plaintiff is dated more than two years before the alleged onset date. No other physician diagnosed or treated carpal tunnel syndrome. In fact, plaintiff rarely mentioned carpal tunnel syndrome to her providers. She told Dr. Ho she had

---

[4] *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (An ALJ "may not assume doctors routinely lie in order to help their patients collect disability benefits." (quoting *Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D.Or. 1993)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

been diagnosed with carpal tunnel syndrome in 2004 but had received no treatment. (Tr. 216.) She did not list carpal tunnel syndrome among her chief complaints to Dr. Ho, but mentioned some difficulty with buttons and zippers due to carpal tunnel syndrome. (Tr. 216.) Dr. Ho assessed no limitations due to carpal tunnel syndrome. (Tr. 217.) In 2009, plaintiff mentioned a past diagnosis of CTS to Dr. Wilson and he noted slight tingling in her hands upon administering the Phalens test. (Tr. 337-38.) Dr. Wilson did not list CTS as a diagnosis and no treatment was suggested. (Tr. 340.)

The evidence from the relevant period is consistent with the ALJ's conclusion that the plaintiff does not have a severe impairment from carpal tunnel syndrome. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985). Even if Dr. Castrodale's opinion is credited it does nothing more than establish a diagnosis of carpal tunnel syndrome in 2005. There is no indication in Dr. Castrodale's letter or elsewhere in the record that carpal tunnel syndrome affects plaintiff's ability to work. Thus, the ALJ's determination that carpal tunnel syndrome is not a severe impairment is supported by the substantial evidence. As a result, any error in considering Dr. Castrodale's opinion is harmless error. Errors that do not affect the ultimate result are harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

    **c.**    **Other Source Opinions**

Plaintiff argues the ALJ failed to properly consider the opinions of her therapists. (ECF no. 14 at 15.) In evaluating a disability claim, the opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d

967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it.

Plaintiff saw a number of therapists and mental health providers from 2007 to 2009. In June 2007, Christopher Clark, LHMC, completed a DSHS Psychological/Psychiatric Evaluation Form and assessed a number of marked and moderate limitations. (Tr. 286-89.) In May 2009, Dick Moen, MSW, also completed a DSHS Psychological/Psychiatric Evaluation Form and assessed a number of moderate limitations. (Tr. 292-95.) Additionally, treatment records from Kathleen Mack, ARNP and Kathleen Schormann, MA, and several other "other source" mental health providers are found throughout the record. (Tr. 175, 180, 279, 296, 306, 309-26, 353, 359, 364-78.)

The ALJ considered the "opinions of the social worker therapists who opined the claimant was too anxious and easily upset to hold a job," citing Exhibit 16F which is the DSHS assessment prepared by Dick Moen, MSW. (Tr. 23, 292-97.) Mr. Moen diagnosed major depression, recurrent; dysthymic disorder; and PTSD. (Tr. 293.) He assessed moderate limitations for four out of five cognitive factors and five out of five social factors. (Tr. 294.) The ALJ pointed out that "Master level therapists are not acceptable medical sources and the opinion is given less weight than that of the state reviewers who reviewed the claimant's record and have familiarity with Social Security Administration regulations." (Tr. 23.) The ALJ gave no other reasons for rejecting Mr. Moen's opinion.

While the ALJ is correct that the opinion of an "other source" like Mr. Moen is entitled to less weight than the opinion of an acceptable medical source, that does not mean other source opinions are entitled to no weight. The regulations state that "regardless of source," the Social Security Administration "will evaluate every medical opinion [it] receive[s]." 20 C.F.R. § 404.1527(d). The ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Disregard of other source opinions violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work. 20 C.F.R. §

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

404.1513(e)(2). Thus, while the qualifications of a medical source are a reasonable consideration in weighing the opinion against other medical opinions, they do not qualify as a reason for rejecting an opinion. The ALJ was required to provide germane reasons for rejecting Mr. Moen's opinion and failed to do so. Therefore, the ALJ erred.

Furthermore, the ALJ disregarded all other "other source" opinions essentially without comment.[5] This does not meet the requirements of the regulations or case law that every opinion will be evaluated.[6] In addition, the ALJ failed to address the records of Dr. Strosahl, a treating psychologist, and Dr. Purvis, a treating psychiatrist. Among other information contained in their treatment notes, Dr. Purvis opined plaintiff was "quite disabled by anxiety" and Dr. Strosahl described plaintiff as "nearly housebound." (Tr. 259, 298.) Failure to consider the opinions of plaintiff's treating mental health providers is also error.

**3.     Step Five**

Plaintiff argues the ALJ erred by failing to call a vocational expert at step five. (ECF No. 14 at 18-19.) After a claimant has established a prima facie case of disability by demonstrating she cannot return to her former employment, the burden shifts to the ALJ to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986). The ALJ can satisfy this burden by either (1) applying the grids or (2) taking the testimony of a vocational expert. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The grids are an administrative tool the Commissioner may rely on when considering claimants with substantially uniform levels of impairment. *Burkhart v. Bowen,* 856 F.2d 1335, 1340 (9th Cir. 1988). However, the use of the grids is not always proper. If a

---

[5]The ALJ mentioned plaintiff was in therapy at Central Washington Mental Health and cited a few of the records in concluding plaintiff has severe mental impairments. (Tr. 19.)

[6]While, the ALJ need not discuss all evidence presented, he must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

claimant has non-exertional limitations[7] that significantly limit her range of work, the use of the grids in determining disability is inappropriate. *Bates v. Sullivan*, 894 F.2d 1059 (9th Cir. 1990), *overruled on other grounds by Bunnell v. Sullivan*, 947 F.2d 341, 347 (9th Cir. 1991). In such instances, a vocational expert must be called to identify jobs that match the abilities of the claimant, given her limitations. *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). Nevertheless, if an ALJ determines that a claimant's non-exertional limitations do not significantly affect her ability to perform a full range of work, then use of the grids is appropriate. *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007); *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

In this case, the ALJ determined plaintiff has exertional and non-exertional limitations. The ALJ cited Social Security Rulings 83-14 and 85-15 in support of the finding that the occupational base of sedentary work would not be significantly eroded by the limitations in plaintiff's RFC. (Tr. 24.) However, because the ALJ erred in considering the medical evidence and in assessing plaintiff's credibility, the RFC is based on legal error. On remand, after reevaluation of the evidence consistent with the contents of this order, the ALJ should also review the rest of the sequential evaluation process and apply the grids or call a vocational expert, as is appropriate.

---

[7]Nonexertional limitations are "all work-related limitations and restrictions that do not depend on an individual's physical strength." Soc. Sec. Rul. 96-8. *See also* 20 C.F.R. Pt. 416.969a; *Derosiers v. Secretary of Health and Human Serv.*, 846 F.2d 573, 579 (9th Cir. 1988).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

**CONCLUSION**

The ALJ's decision is not supported by substantial evidence and free of legal error. The decision lacks thorough review of the evidence and legally sufficient explanation for the findings. A remand is necessary for a new credibility finding and for reconsideration of the medical opinion evidence. The ALJ shall issue a new decision which explains the findings and cites substantial evidence supporting his conclusions throughout the sequential process.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 19 )** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED January 27, 2012

                    S/ JAMES P. HUTTON
               UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14